**NATIONAL LABOR RELATIONS BOARD, Petitioner, v. Walter BAEDER and John L. Thayer, Doing Business as La Crosse Garment Industries, Respondents.**

No. 6839.

Circuit Court of Appeals, Seventh Circuit.

Jan. 23, 1939.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

PER CURIAM.

The National Labor Relations Board having issued an order, dated February 7, 1938, against La Crosse Garment Industries, pursuant to stipulations dated November 15, 1937, and the parties having consented to the entry of a decree of this court enforcing said order of the Board, and the Board having petitioned this court for the enforcement of said order; upon consideration of the petition of the Board for enforcement of said order and the stipulations of the parties attached thereto.

It is hereby ordered, adjudged, and decreed that Walter Baeder and John Thayer, partners, doing business as La Crosse Garment Industries, La Crosse, Wisconsin, and its officers, agents, successors, and assigns, shall:

1. Cease and desist:

(a) From in any manner interfering with, restraining or coercing its employees in the exercise of their rights to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, as guaranteed in and by Section 8 (1) of the National Labor Relations Act [29 U.S. C.A. § 158(1)];

(b) From discouraging membership of its said employees in the International Ladies' Garment Workers Union, or any other labor organization of said employees, by discrimination in regard to hire or tenure of employment or any term or condition of employment.

2. In addition to the foregoing, take the following affirmative action:

(a) Offer to Anna Crivits reinstatement to her former position, without prejudice to any seniority rights or other rights and privileges previously enjoyed by her;

(b) Post notices to its said employees in two conspicuous places in its plant, stating that it will cease and desist as aforesaid, which said notices shall remain posted for a period of at least 30 consecutive days from the date of such posting;

(c) Inform the Regional Director of the National Labor Relations Board for the 'Twelfth Region, within 30 days of the service of said order, of the manner in which said respondent has complied therewith.

It is further ordered, adjudged and decreed that certified copies of this order be forthwith transmitted to the parties herein.

**NATIONAL LABOR RELATIONS BOARD, Petitioner, v. The CONNOR LUMBER & LAND CO., Respondent.**

No. 6849.

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1939.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

PER CURIAM.

The National Labor Relations Board having issued an order dated December 28, 1938, against the Connor Lumber & Land Co., pursuant to a stipulation of the parties dated May 27, 1938, and the parties having consented to the entry of a decree of this court enforcing said order of the Board, and the Board having petitioned this court for the enforcement of its said order; upon consideration of the petition of the Board for enforcement of said order and the stipulation of the parties.

It is hereby ordered, adjudged, and decreed that the Connor Lumber & Land Co., Laona, Wisconsin, its officers, agents, successors and assigns, shall:

1. Cease and desist from:

(a) Urging, persuading, warning, threatening, and intimidating its Michigan employees from joining or assisting Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers

of America (C. I. O.), a labor organization of its Michigan camp and mill employees;

(b) Threatening its Michigan camp and mill employees with loss of employment if they join or assist Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers of America (C. I. O.), and threatening its Michigan camp and mill employees with other discrimination in regard to hire or tenure of employment or any term or condition of employment if they remain members of Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers of America (C. I. O.);

(c) Interfering with any and all collective activities of its Michigan camp and mill employees and of Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers of America (C. I. O.);

(d) Organizing and maintaining a vigilante and back-to-work movement for any or all of the following purposes: (1) for the purpose of breaking any strike called by Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers of America (C. I. O.); (2) for the purpose of breaking any other collective activities of its Michigan camp and mill employees and of Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers of America (C. I. O.); (3) for the purpose of coercing, intimidating, and preventing its Michigan camp and mill employees from joining or remaining members of Michigan Lumber and Sawmill Workers Union, Local No. 15, International Woodworkers of America (C. I. O.);

(e) In any manner preventing the organizers of Michigan Lumber and Sawmill Workers Union, Local No. 15 (C. I. O.), or the organizers for the International Woodworkers of America (C. I. O.), from visiting their members and other employees on its mill grounds or in its camps located in various places in the State of Michigan, outside of working hours;

(f) Discriminating in regard to the hire or tenure of employment, or any term or condition of employment of any of its Michigan camp and mill employees by discharging or in any other manner discriminating against any of said employees for the purpose of discouraging membership in Michigan Lumber and Sawmill Workers Union, Local No. 15, International

Woodworkers of America (C. I. O.), a labor organization of the respondent's Michigan camp and mill employees;

(g) In any manner dominating and interfering with the administration of Wakefield Township Timber Union, a labor organization of its Michigan camp and mill employees, and in any manner dominating and interfering with the formation and/or administration of any other organization of the respondent's Michigan camp and mill employees;

(h) In any manner contributing financial or other support to the Wakefield Township Timber Union or any other labor organization of its Michigan camp and mill employees;

(i) In any other manner interfering with, restraining, or coercing its Michigan camp and mill employees in the exercise of their rights to self-organization, to form, join, or assist labor organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purposes of collective bargaining or other aid and protection, as guaranteed by Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157.

2. Take the following affirmative action which the Board finds will effectuate the policy of the Act:

(a) Offer immediate and full reinstatement to his former position as hourly general camp employee without prejudice to any seniority or other rights and privileges enjoyed by him, to Ed Evans;

(b) Make whole said Ed Evans for any losses of pay that he has suffered as a result of his discharge by it on October 15, 1937, by payment to him of an amount of money equal to that which he would have earned during the period between October 15, 1937, and January 28, 1938, and the period between May 1, 1938, and the date of such reinstatement, less any sums of money earned by said Ed Evans during each of such periods;

(d) Cancel or disestablish any and all collective bargaining contracts between it and the Wakefield Township Timber Union;

(e) Post immediately notices to its Michigan camp and mill employees in conspicuous places in and about its mill at Connorsville, Michigan, and in and about each of its camps in the vicinity of Connorsville, Michigan, and in other places in the County of Gogebic, as well as in other places in the State of Michigan, stating;

(1) That it will cease and desist in the manner aforesaid;

(2) That it has taken the affirmative action aforesaid;

(3) That such notices will remain posted for a period of at least 30 consecutive days from the date of posting.

(f) Notify the Regional Director for the Twelfth Region of the National Labor Relations Board, in writing, within 10 days from the date of this order what steps it has taken to comply therewith.

**NATIONAL LABOR RELATIONS BOARD, Petitioner, v. The CONNOR LUMBER & LAND CO., Respondent.**

**No. 6850.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1939.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

